GINA DURHAM (Bar No. 295910)
gina.durham@dlapiper.com
JESSE C. MEDLONG (Bar No. 294536)
jesse.medlong@dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel:    415.836.2500
Fax:    415.836.2501

Attorneys for Defendant
DER Touristik Deutschland GmbH

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FOURTH DIMENSION SOFTWARE, a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>DER TOURISTIK DEUTSCHLAND GMBH, a German corporation,<br><br>    Defendant. | CASE NO. 3:19-cv-05561-CRB<br><br>**DEFENDANT DER TOURISTIK DEUTSCHLAND GMBH'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendant Der Touristik GmbH Deutschland, a German corporation ("DTDE"), through its undersigned counsel, hereby answers and asserts affirmative defenses to the First Amended Complaint of Plaintiff Fourth Dimension Software ("FDS"), dated October 20, 2020 ("FAC"). DTDE's answers and affirmative defenses are based on information and knowledge thus far secured by DTDE, and DTDE reserves the right to amend or supplement its answers and affirmative defenses based on facts later discovered, pleaded, or offered. To the extent that any express or implied allegations in the Complaint are not specifically admitted herein, Defendant hereby denies such allegations.

## I.   INTRODUCTION

1.   DTDE lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 1 of the FAC, and therefore denies those allegations.

2.   DTDE lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 2 of the FAC, and therefore denies those allegations.

3.   Admitted.

4.   DTDE admits that "The decades-long business relationship between FDS and DER had been built around a series of contracts in which FDS agreed to license to DER certain software products…." DTDE denies that "FDS had developed [certain software products] from its proprietary technology and trade secrets." DTDE admits the remainder of the allegations of Paragraph 4 of the FAC.

5.   Denied.

6.   Denied.

7.   DTDE lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 7 of the FAC, and therefore denies those allegations.

8.   Admitted.

## II.   JURISDICTION AND VENUE

9.   Admitted.

10.   DTDE lacks sufficient knowledge or information to form a belief as to the allegations that "Section 17 of the licensing agreements at issue specifically state that the venue

1  and jurisdiction for any disputes arising from the contracts are to rest in the courts of San Mateo,

2  California under the laws of the State of California" because DTDE has been unable to locate

3  executed copies of the licensing agreements between itself and FDS, and therefore denies those

4  allegations. DTDE denies the remainder of the allegations of Paragraph 10 of the FAC.

**III.   SUBSTANTIVE ALLEGATIONS**

6        11.   DTDE admits the allegations "FDS and DTDE's predecessor, DER, entered into

7  . . . separate written license agreements . . . (collectively referred to herein as the 'License

8  Agreements') whereby DTDE licensed several related software products from FDS. Under the

9  . . . License Agreements, DTDE licensed three of FDS's products: SafePath, Easy Path, and

10 EasyClient (collectively, the 'Tools')." DTDE denies the allegations that there were "three"

11 licensing agreements between itself and FDS to the extent this allegation is intended to mean

12 "only three" such agreements. DTDE lacks sufficient knowledge or information to form a belief

13 as to the remainder of the allegations of Paragraph 11 of the FAC because DTDE has been unable

14 to locate executed copies of the licensing agreements between itself and FDS, and therefore

15 denies those allegations.

16       12.   Admitted.

17       13.   DTDE admits that "EasyPath is a computer application for the Tandem application

18 development platform. EasyPath automates computer program creation through macros and other

19 features. . . ." DTDE denies the remainder of the allegations of Paragraph 13 of the FAC.

20       14.   Admitted.

21       15.   DTDE lacks sufficient knowledge or information to form a belief as to the

22 allegations set forth in Paragraph 15 of the FAC, and therefore denies those allegations.

23       16.   DTDE admits that "Phoenix is a tour operator automation system. . . . As the

24 License Agreements were being finalized, FDS and DTDE's predecessor were negotiating a

25 software development agreement, pursuant to which FDS would develop the Phoenix travel

26 reservation system for DTDE. That agreement was concluded in October 1994." DTDE lacks

27 sufficient knowledge or information to form a belief as to the remainder of the allegations set

28 forth in Paragraph 16 of the FAC, and therefore denies those allegations.

1    17.    DTDE lacks sufficient knowledge or information to form a belief as to the allegation "Like other FDS clients. . . ." and therefore denies that allegation. DTDE admits the remainder of the allegations of Paragraph 17 of the FAC.

    18.    Denied.

    19.    DTDE lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 19 of the FAC because DTDE has been unable to locate executed copies of the licensing agreements between itself and FDS, and therefore denies those allegations.

    20.    DTDE lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 19 of the FAC because DTDE has been unable to locate executed copies of the licensing agreements between itself and FDS, and therefore denies those allegations.

    21.    DTDE lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 19 of the FAC because DTDE has been unable to locate executed copies of the licensing agreements between itself and FDS, and therefore denies those allegations.

    22.    DTDE lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 22 of the FAC because DTDE has been unable to locate executed copies of the licensing agreements between itself and FDS, and therefore denies those allegations.

    23.    DTDE lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 23 of the FAC because DTDE has been unable to locate executed copies of the licensing agreements between itself and FDS, and therefore denies those allegations.

    24.    DTDE admits that the Supplementary Agreement speaks for itself. Except as otherwise admitted, denied.

    25.    DTDE lacks sufficient knowledge or information to form a belief as to the allegation "the License Agreements" as that term is defined in the FAC because DTDE has been unable to locate executed copies of the licensing agreements between itself and FDS, and

therefore denies that allegation. DTDE admits the remainder of the allegations of Paragraph 25 of the FAC.

26. DTDE admits that "DER, and/or subsequently DTDE, hired a number of former FDS employees. . . . These former FDS employees included . . . FDS's Chief Technology Officer." DTDE lacks sufficient knowledge or information to form a belief as to the remainder of the allegations of Paragraph 26 of the FAC and therefore denies those allegations.

27. DTDE lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 27 of the FAC because DTDE has been unable to locate executed copies of the licensing agreements between itself and FDS, and therefore denies those allegations.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Paragraph 32 consists of FDS's demands and legal conclusions to which no response by DTDE is required. To the extent a response is required, DTDE admits that FDS demands payment and asserts a claim for breach of contract, but denies that the allegations have any merit.

**IV. CAUSES OF ACTION**

**FIRST CAUSE OF ACTION – BREACH OF CONTRACT**

33. DTDE incorporates by references its responses to Paragraphs 1 through 32 of the FAC as if set forth fully here.

34. DTDE lacks sufficient knowledge or information to form a belief as to the allegation "the License Agreements" as that term is defined and further elaborated in the FAC because DTDE has been unable to locate executed copies of the licensing agreements between itself and FDS, and therefore denies that allegation. DTDE admits the remainder of the allegations of Paragraph 34 of the FAC.

35. DTDE lacks sufficient knowledge or information to form a belief as to the

allegations set forth in Paragraph 35 of the FAC because DTDE has been unable to locate executed copies of the licensing agreements between itself and FDS, and therefore denies those allegations.

36. DTDE lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 36 of the FAC because DTDE has been unable to locate executed copies of the licensing agreements between itself and FDS, and therefore denies those allegations.

37. Denied.

38. Denied.

39. Denied.

## V. PRAYER FOR RELIEF

DTDE denies that FDS is entitled to any recovery or relief in connection with the allegations set forth in the FAC, including, but not limited to, the allegations set forth in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

As affirmative, separate, and other defenses to the FAC asserted against DTDE, DTDE states as follows, without assuming the burden of proof on matters where it has no such burden. In doing so, DTDE specifically reserves the right to restate, re-evaluate, or recall any defenses and to assert additional defenses based on information learned or obtained during discovery.

### FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

The FAC fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE – LACK OF PERSONAL JURISDICTION

This Court lacks personal jurisdiction over DTDE.

### THIRD AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS

FDS's claims are barred, in part or in whole, because it filed this action after the statute of limitations had expired under California Code of Civil Procedure § 337(a).

### FOURTH AFFIRMATIVE DEFENSE – LACHES

FDS's claims are barred, in part or in whole, by the doctrine of laches, in that FDS has

unreasonably delayed efforts to enforce its rights, if any, despite full awareness of DTDE's actions.

### FIFTH AFFIRMATIVE DEFENSE – ACQUIESCENCE

FDS's claims are barred, in part or in whole, by the doctrine of acquiescence, in that FDS's affirmative conduct regarding its rights, if any, and its unreasonable delay in seeking to enforce such rights have unduly prejudiced DTDE.

### SIXTH AFFIRMATIVE DEFENSE – WAIVER

FDS waived its rights under the contracts at issue in that it knew of DTDE's conduct with respect to obligations FDS alleges as the basis for its claims, but freely and knowingly gave up its right to have DTDE perform those obligations in the manner FDS alleges DTDE was required to do under the contracts at issue.

### SEVENTH AFFIRMATIVE DEFENSE – UNCLEAN HANDS

Some or all of the relief sought by FDS is barred under the doctrine of unclean hands in that FDS has engaged in inequitable behavior, including bad faith, related to the subject matter of its claims.

### EIGHTH AFFIRMATIVE DEFENSE – IMPLIED LICENSE

FDS's claims are barred, in part or in whole, because its affirmative conduct created an implied license with respect to DTDE's conduct that FDS alleges as the basis of its claims.

### NINTH AFFIRMATIVE DEFENSE – NO DAMAGE

Some or all of the relief sought by FDS is barred because, even if FDS's allegations were true, FDS suffered no damage.

### TENTH AFFIRMATIVE DEFENSE – FAILURE TO MITIGATE

Some or all of the relief sought by FDS is barred because FDS failed to undertake reasonable efforts or expenditures to mitigate its damages, if any.

### ADDITIONAL DEFENSES

DTDE reserves the right to assert additional defenses based on information learned or obtained during discovery.

| | | |
|---|---|---|
| 1 | Dated: December 22, 2020 | DLA PIPER LLP (US) |
| 2 | | |
| 3 | | By */s/ Jesse Medlong* |
| | |     GINA DURHAM |
| 4 | |     JESSE C. MEDLONG |
| | |     DLA Piper LLP (US) |
| 5 | |     Attorneys for Defendant |
| | |     DER Touristik Deutschland GmbH |